**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

MENZIES MIDDLE EAST AND AFRICA SA,

      Petitioner/ Judgment Creditor,

vs.

REPUBLIC OF NIGER.

      Respondent/ Judgment Debtor.

Case No. 1:25-mc-00332-JMF

**DECLARATION OF SAMADOU OUSMAN IN SUPPORT OF RESPONDENT
REPUBLIC OF NIGER'S OPPOSITION TO PETITIONER'S REQUESTS FOR
ADDITIONAL RELIEF**

I, Samadou Ousman, declare under penalty of perjury as follows:

1.     I am Chargé d'Affaires to the Permanent Mission of the Republic of Niger to the United Nations in New York (the "Mission"). I submit this declaration on behalf of Respondent Republic of Niger ("Niger") in opposition to Petitioner Menzies Middle East and Africa SA's ("Menzies") requests for additional relief directed to the real property located at 5 East 80th Street, New York, New York 10075, and to rent or lease proceeds associated with that property.

2.     I am over the age of eighteen. I have personal knowledge of the matters set forth in this declaration based on my official duties, my review of Mission records, and information maintained in the ordinary course by the Mission. If called as a witness, I could and would testify competently to the facts stated herein.

3.     The Mission is Niger's diplomatic mission to the United Nations in New York. Its offices are located at 417 East 50th Street, New York, New York 10022.

4. Niger owns the real property located at 5 East 80th Street, New York, New York 10075 (the "Property").

5. The Property is leased to 5 E. 80th St., LLC, which is the tenant identified in Menzies' application for attachment, execution, and other enforcement-related relief.

6. The rent generated by the Property is used exclusively to help fund the operations and administrative expenses of Niger's diplomatic mission to the United Nations in New York.

7. The rent is paid by checks drawn by 5 E. 80th St., LLC and made payable to the Permanent Mission of Niger to the United Nations.

8. The Mission uses the rent proceeds for Mission business. The funds are used to pay operating and administrative expenses, living expenses for Niger's diplomats assigned to the Mission, compensation for support staff, utilities, telephone, wireless internet, and other connectivity services, payments to Zoom and Microsoft for software and communication services, insurance, office purchases and supplies, fuel and transportation-related expenses, parking, and other ordinary expenses incurred in connection with maintaining and operating the Mission in New York. The rent proceeds are a regular and necessary source of funding these expenses.

9. The Mission does not use the rent proceeds for commercial, investment, or private purposes. The proceeds are used to support the Mission's official operations and to enable the Mission to carry out Niger's diplomatic functions at the United Nations.

10. A restraint on Niger's ownership and use of the Property and the rent proceeds would directly interfere with the Mission's ability to pay its ordinary operating expenses. Such a restraint would impair the Mission's ability to pay utilities, communications providers, housing-

related expenses, staff compensation, office and administrative expenses, and other costs necessary to maintain Niger's diplomatic presence at the United Nations in New York.

11.     The Mission's use of the Property's rental proceeds is exclusively diplomatic and governmental. The funds support the operation of Niger's Permanent Mission to the United Nations and are used to enable the Mission to carry out its diplomatic functions in New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2026.

/s/
Samadou Ousman

3